**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 21-cv-00321-STV

DEN 8888, LLC, d/b/a Clarion Hotel Denver,

    Plaintiff,

v.

NAVAJO EXPRESS, INC.,

    Defendant.

## ORDER

Entered By Magistrate Judge Scott T. Varholak

    This civil action is before the Court on Plaintiff's Motion for Leave to Restrict Public Access to Its Response to the Court's Show Cause Order (the "Motion"). [#8]

### 1. BACKGROUND

    Plaintiff filed the instant action on February 2, 2021. [#1] Upon review of the Complaint, this Court filed an Order to Show Cause ("OSC") [#7] requiring Plaintiff to show cause why this action should not be dismissed due to the Court's lack of subject matter jurisdiction. In the OSC, this Court noted that Plaintiff was invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and that Plaintiff therefore bore the burden of establishing the parties' complete diversity of citizenship. [#7 at 1-2] In particular, the Court noted that although Plaintiff, a limited liability company, "states that it has nine members, it neither identifies those members nor identifies their citizenship." [*Id.* at 2] Such identification "is insufficient to satisfy the Court of its jurisdiction because '[t]he citizenship of the parties must be established with specificity.'" [*Id.* at 2-3 (quoting

U.*S. Advisor, LLC v. Berkshire Property Advisors, LLC*, No. 09-cv-00697-PAB-CBS, 2009 WL 2055206, at *1 (D. Colo. July 10, 2009)]. In response to the OSC, Plaintiff filed the instant Motion, in which it requests that this Court seal it's Response to the OSC to Level 2 access, which would restrict access to the identity of Plaintiff's members to only the Court and Plaintiff. [#8]

## 2. ANALYSIS

The Supreme Court has recognized a common law right to access of judicial records. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). "This right is premised upon the recognition that public monitoring of the courts fosters important values such as respect for the legal system." *XY, LLC v. Trans Ova Genetics, LC*, 13-CV-00876-WJM-NYW, 2015 WL 7014419, at *3 (D. Colo. Nov. 12, 2015). "Judges have a responsibility to avoid secrecy in court proceedings because 'secret court proceedings are anathema to a free society.'" *Id.* (quoting *M.M. v. Zavaras*, 939 F.Supp. 799, 801 (D. Colo. 1996)). "There is a presumption that documents essential to the judicial process are to be available to the public, but access to them may be restricted when the public's right of access is outweighed by interests which favor nondisclosure." *Id.* (citing *United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997)).

Accordingly, documents filed in this Court are presumptively public and the party seeking to seal a document bears the burden of justifying such restriction. D.C.COLO.LCivR 7.2(a). The moving party must:

(1) identify the document or the proceeding for which restriction is sought;

> (2) address the interest to be protected and why such interest outweighs the presumption of public access . . .
>
> (3) identify a clearly defined and serious injury that would result if access is not restricted;
>
> (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question . . . and
>
> (5) identify the level of restriction sought.

D.C.COLO.LCivR 7.2(c).  "The countervailing interests asserted by a party seeking to overcome the public's presumption of access must be specific and non-conclusory." *Smith v. Westminster Management, LLC*, NO. JKB-17-3282, 2018 WL 572867, at *4 (D. Md. Jan. 26, 2018)

As support for the Motion Plaintiff identifies the countervailing interest to public access as follows:

> The identity of the nine (9) members of Plaintiff should be filed under seal because this information is confidential as it is sensitive, proprietary and commercial in nature. The public disclosure of this information would create a competitive disadvantage for Plaintiff by compromising its business and economic interests.

[#8 at 3]   Plaintiff further states that "[i]f the documents are publicly disseminated, Plaintiff's competitors will gain valuable insight into Plaintiff's organization."   [*Id*.] However, Plaintiff does not identify with any specificity the harm that may occur if its membership is made public and does not explain the sensitive or proprietary nature of its membership.[1]   Plaintiff's assertions are vague and conclusory, and do not provide the Court with sufficient information to overcome the presumption of public access.  *See*

---

[1] Indeed, many of the documents attached in the proposed response are publicly available from the websites of various state's Secretary of State, and Plaintiff itself failed to file the proposed document under preliminary restriction pending ruling by this Court, making its response already available to the public.

3

*3376 Lake Shore, LLC v. Lamb's Yacht Center, Inc.*, No. 3:14-CV-632-J-34PDB, 2014 WL 12621574, at *1-*2 (M.D. Fl. Aug. 25, 2014) (denying to seal Plaintiff's membership where Plaintiff provided only conclusory and speculative statements that disclosure had "the potential for financial harm" and impacted the "privacy interest of the members"); *see also Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002) (denying motion to seal based on conclusory allegation that confidentiality would promote business interests); *Edgewood Manor Apt. Homes LLC v. RSUI Indem. Co.*, No. 08-C-0920, 2010 WL 2430996, at *5, (E.D. Wis. June 14, 2010) (unsealing jurisdictional statement where plaintiff's members and sub-members "sa[id] merely that they wish[ed] to keep their investments and tax benefits private" and "point[ed] to no specific personal or financial harms they m[ight] suffer").  Indeed, it appears to the Court that Plaintiff and its members merely have a preference for anonymity, and such a preference is "not a valid reason for removing documents that influence or underpin a judicial decision from the public record." *Signicast, LLC v. Fireman's fund Ins. Co.*, 920 F. Supp. 2d 967, 970 (E.D. Wis. 2013); *see also Smith*, 2018 WL 572867, at *2 (stating that desire to keep member identities private is "not sufficient to overcome the presumption of access.").

Plaintiff additionally argues that the public's right to access the identity of Plaintiff's members is outweighed by the fact that this Court "simply needs to review [the identities] to verify diversity jurisdiction and it will have no effect on the litigation."  [#8 at 3]  This Court disagrees that the identity of the members is not a central issue to this case.  *See 3376 Lake Shore*, 2014 WL 12621574, at *2.  "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of

the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884). "Therefore, the public interest in understanding the basis for the court's jurisdiction—in this case, the identity and citizenship of the members—outweighs the plaintiff's interest in keeping that information confidential." *3376 Lake Shore*, 2014 WL 12621574, at *2. Plaintiff must provide sufficient, specific justification to overcome the presumption of public access. It has failed to do so. Accordingly, the Court DENIES Plaintiff's Motion for Leave to Restrict Public Access to Its Response to the Court's Show Cause Order [#8].

Finally, upon review of Plaintiff's proposed response to the OSC, which was attached as an exhibit to the instant motion, the Court notes that the corporate documents attached do not, in every case, identify the name and citizenship of the members of certain LLC organizations. Specifically, the response itself identifies the names of Plaintiff's members and, for those members that are LLCs, states the citizenship of the members of those LLCs. However, the response itself does not identify the names of the members of those LLCs and in some instances the supporting documentation also fails to identify the names of the members. While the Court appreciates the representations of counsel, "[t]o measure jurisdiction, the Court must know the identity and citizenship of the non-LLC members residing at the end of any string of LLCs." *Smith*, 2018 WL 572867, at *2. The Court therefore ORDERS Plaintiff to further show cause regarding this Court's subject matter jurisdiction.

### 3. CONCLUSION

It is hereby **ORDERED** that Plaintiff's Motion [#8] is **DENIED**.

It is further **ORDERED** that on or before **February 24, 2021**, Plaintiff shall show cause, if any there be, in writing, why this case should not be dismissed due to the Court's lack of subject matter jurisdiction. In its response, Plaintiff shall list in the *body* of the response each of its members, as well as list the name and citizenship of each member of any LLC members. Plaintiff may, at that time, file a renewed motion to restrict providing detailed justification for restricting public access to its response.

DATED: February 9, 2021                         BY THE COURT:

                                                s/Scott T. Varholak_____
                                                United States Magistrate Judge